**Brian Kent HASTINGS,**
**Plaintiff–Appellant,**

v.

**Lt. CAMPBELL; J. Vigil; Lt. Higby; Espinosha; Applehunt; Sgt. Pruce; Penick; G. Gonzales; Bufford; Aragon; D. Garcia; Kirk; Tafoya; T. Daniels; M. McKinna; E. Rodenbeck; R. Tate; Atchison; Fraker; Baker, Defendants–Appellees.**

No. 01–1550.

United States Court of Appeals,
Tenth Circuit.

Oct. 4, 2002.

Brian Kent Hastings, Canon City, CO, for Plaintiff–Appellant.

---

David R. Brougham, Hall & Evans, Denver, CO, for Defendant–Appellee.

Before KELLY and BALDOCK, Circuit Judges, and BRORBY, Senior Circuit Judge.

## ORDER AND JUDGMENT*

PAUL KELLY, Jr., Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Brian Kent Hastings, a state prisoner appearing pro se, appeals the district court's order affirming and adopting the magistrate judge's recommendation to dismiss plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983. We affirm.

The facts underlying plaintiff's claims are well known to the parties and will not be repeated here. Plaintiff's amended complaint alleged fifteen claims for relief against multiple defendants. On September 14, 1999, three of those claims were dismissed as legally frivolous, and the remainder were referred to the magistrate judge. On August 6, 2001, the magistrate judge recommended that the district court grant defendant's motion for summary judgment, finding plaintiff's remaining claims "entirely frivolous and asserted in bad faith." Over plaintiff's objections, the district court adopted the magistrate judge's recommendation to grant defendant's motion for summary judgment, and accordingly dismissed the case with prejudice.

"We review the district court's grant of summary judgment de novo, applying the same standard as did the district court." *Amro v. Boeing Co.,* 232 F.3d 790, 796 (10th Cir.2000). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence that would require submission of the case to the jury. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, summary judgment is appropriate against any party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Finally, while courts must construe pro se pleadings liberally, pro se plaintiffs may not rely on conclusory allegations to overcome their burden. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

We have carefully reviewed the district court's decisions under the applicable standards in light of the parties' materials and the record on appeal. We are unpersuaded by plaintiff's claims of error, and affirm for substantially the same reasons as those set forth in the magistrate judge's August 6, 2001 recommendation and the district court's November 6, 2001 order adopting that recommendation.

The judgment of the United States District Court for the District of Colorado is

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

AFFIRMED. The mandate shall issue forthwith.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.